IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**REGIONS BANK**

    **PLAINTIFF,**

v.

    Case No. 07-5045

**BOUA VANG YANG AND YING VANG**

    **DEFENDANTS.**

## CONSENT JUDGMENT

On this day, this case came on to be heard and based upon the pleadings on file herein and the agreement of the parties, the Court finds and determines as follows:

1. Regions is an Alabama banking corporation with its principal place of business in Birmingham, Alabama. Regions has branches throughout Arkansas.

2. Defendants Boua Vang Yang and Ying Vang are residents of Broken Arrow, Oklahoma.

3. The property upon which foreclosure is sought is located in Benton County, Arkansas.

4. This Court has jurisdiction over this matter under 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00). Venue properly lies in this district pursuant to 28 U.S.C. § 1392 because the action is of a local nature and involves property located Benton County, Arkansas, within the Western District of Arkansas.

5.  For valuable consideration and to obtain a loan, Boua Vang Yang and Ying Vang executed and delivered to Regions a promissory Note dated December 17, 2004, in the original principal amount of $544,500.00 and bearing interest at a variable rate of interest as provided in the promissory note (the "Note"). Plaintiff is the current owner and holder of the Note.

6.  Contemporaneously with the execution and delivery of the Note and to secure payment of the Note, Boua Vang Yang and Ying Vang executed, acknowledged and delivered to Regions that Mortgage dated December 17, 2004 (the "Mortgage") covering the property described in the Mortgage including the following described real property and improvements thereon lying in Benton County, Arkansas (the property covered by the Mortgage being herein referred to as the "Property"):

> PART OF THE W ½ OF THE NW ¼ OF SECTION 34, TOWNSHIP 20 NORTH, RANGE 33 WEST, BENTON COUNTY, ARKANSAS, MORE PARTICULARLY DESCRIBED AS FOLLOWS: FROM AN IRON PIN AT THE NW CORNER OF SAID SECTION 34, RUN THENCE SOUTH 00 DEGREES 13 MINUTES 58 SECONDS EAST 661.61 FEET TO AN IRON PIN FOR THE POINT OF BEGINNING; THENCE NORTH 89 DEGREES 41 MINUTES 52 SECONDS EAST 1317.13 FEET TO AN IRON PIN; THENCE SOUTH 00 DEGREES 15 MINUTES 11 SECONDS EAST 1323.12 FEET PARTIALLY ALONG AND IN LIMEKILN ROAD; THENCE LEAVING SAID ROAD, SOUTH 80 DEGREES 44 MINUTES 48 SECONDS WEST 1317.60 FEET TO AN IRON PIN; THENCE NORTH 00 DEGREES 13 MINUTES 58 SECONDS WEST 1322.00 FEET TO THE POINT OF BEGINNING, CONTAINING 39.998 ACRES, MORE OR LESS AND BEING SUBJECT TO THE RIGHT-OF-WAY OF SAID ROAD AND ANY EASEMENTS OF RECORD OR FACT.

The Mortgage was filed of record in the Office of the Circuit Clerk and Ex-Officio Recorder of Benton County, Arkansas on January 31, 2005 in Book 2005, Pages 26707-26714 and is incorporated herein by reference. In the Mortgage all rights of redemption and appraisement under the laws of the State of Arkansas were waived.

7. To further secure payment of the Note, Boua Vang Yang and Ying Vang executed and delivered to Regions that Agricultural Security Agreement (the "Security Agreement") dated December 17, 2004. The Security Agreement granted a security interest in the following personal property (the "Personalty"):

**Purchase money Security Interest in all Poultry Equipment**

The security interest has been perfected by filing the Circuit Clerk and Ex-Officio Recorder for Benton County, Arkansas on December 29, 2004 in Book 2004, Page 2273 and incorporated herein by reference.

8. Boua Vang Yang and Ying Vang defaulted in their obligations under the Note and Regions previously exercised its rights to accelerate the amounts due in connection with the loan evidenced by the Note. Plaintiff's right to foreclose the Mortgage as well as exercise its rights under the instruments securing the Note has become absolute.

9. There is now due and owing on the Note, the principal sum of $516,105.74 as of April 25, 2007 together with accrued and unpaid interest in the amount of $36,062.85 as of April 25, 2007, late charges of $2,137.01, with pre-judgment interest at the current rate of six and one-half per cent (6.5%) per annum (equal to a daily rate of $93.18) until the date of judgment herein (or adjustment of the interest rate as provided in the Note) and post-judgment interest as provided by law. Pursuant to the terms of the Note, the Mortgage and the Security Agreement, Boua Vang Yang and Ying Vang are also obligated to Plaintiff for reasonable attorney's fees and the cost incurred and to be incurred in this action including abstracting costs, as well as any costs advanced pursuant to the loan documents. By virtue of the Note, the Mortgage and the Security Agreement, Plaintiff has a lien upon the Property and the Personalty which is first, paramount and prior to the right, title, claim, lien and interest of all others.

10. For valuable consideration and to obtain a loan, Boua Vang Yang and Ying Vang executed and delivered to Regions a promissory Note dated December 13, 2005, in the original principal amount of $6,000.00 and bearing interest at the rate of eight percent (8%) per annum (the "Second Note"). Plaintiff is the current owner and holder of the Second Note.

11. To secure payment of the Second Note, Boua Vang Yang and Ying Vang executed and delivered to Regions that Commercial Security Agreement (the "Second Security Agreement") dated December 13, 2005. The Second Security Agreement granted a security interest in the Personalty described above and was perfected by filing the UCC-1 Financing Statement described above.

12. Boua Vang Yang and Ying Vang defaulted in their obligations under the Second Note and Regions previously exercised its rights to accelerate the amounts due in connection with the loan evidenced by the Second Note. Plaintiff's right to exercise its rights under the instruments securing the Second Note has become absolute.

13. There is now due and owing on the Second Note, the principal sum of $6,000.00 as of April 25, 2007 together with accrued and unpaid interest in the amount of $664.00 as of April 25, 2007, late charges of $168.49, with pre-judgment interest at the current rate of eight per cent (8%) per annum (equal to a daily rate of $1.33) until the date of judgment herein and post-judgment interest as provided by law. Pursuant to the terms of the Second Note and the Second Security Agreement, Boua Vang Yang and Ying Vang are also obligated to Plaintiff for reasonable attorney's fees and the cost incurred and to be incurred in this action including abstracting costs, as well as any costs advanced pursuant to the loan documents. By virtue of the Second Note, the and the Second Security Agreement, Plaintiff has a lien upon the Personalty which is first, paramount and prior to the right, title, claim, lien and interest of all others.

14. Boua Vang Yang and Ying Vang are currently parties to that Chapter 7 proceeding currently pending in the United States Bankruptcy Court for the Western District of Arkansas (Fayetteville Division), Case No. 5:06-72396. On December 5, 2006, an Order of Abandonment was entered in the foregoing proceeding. As a result of the foregoing bankruptcy proceeding no personal judgment against the Defendants is sought in this proceeding, the purpose of this proceeding being to foreclose Regions' interest in the Property and the Personalty securing the loan evidenced by the Note and the Second Note. Regions does, however, reserve the right and does not waive its right to file a claim in the foregoing bankruptcy proceeding for any deficiency arising from the sale of the Property and the Personalty.

15. As a result of the above described default Plaintiff is entitled to recover judgment *in rem* against the Property and the Personalty for all amounts due under the Note, the Mortgage, the Security Agreement, the Second Note and the Second Security Agreement and to foreclose its interests in the real and personal property securing the Note and the Second Note.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:

A. By virtue of the Note, the Second Note, the Mortgage, the Security Agreement and the Second Security Agreement, judgment *in rem* against the Property and the Personalty in the amount of $554,305.60 as of April 25, 2007 together with pre-judgment interest at the rate of $93.18 per day from April 26, 2007 to the date of this Judgment and judgment *in rem* against the Personalty for the amounts due under the Second Note in the amount of $6,832.49 as of April 25, 2007 together with pre-judgment interest at the rate of $1.33 per day from April 26, 2007 to the date of this Judgment, together with all costs of this action, abstracting costs, appraisal costs, reasonable attorney's fees in the amount of $5,000.00 and any sums expended pursuant to the Note, the Second Note, the Mortgage, the Security Agreement and the Second Security

Agreement prior to the sale of the Property and Personalty requested herein. The foregoing amounts shall bear interest from and after the date of this judgment at the rate of 4.93% per annum.

    B.    That the judgment described in paragraph (A) above and the Mortgage, Security Agreement and Second Security Agreement constitute the first and prior liens upon the Property and the Personalty and are superior to all other interests held or claimed in and to the Property and the Personalty including without limitation, any and all interests claimed by the Defendants, all rights or possibilities of dower or homestead, appraisement, any rights of redemption and the rights of any and all persons claiming under the foregoing.

    C.    In the event the foregoing sums are not paid within ten (10) days from the date of this Judgment, the Circuit Clerk of Benton County, Arkansas, who is hereby appointed Commissioner, shall sell the Property and the Personalty at the door of the Benton County Courthouse in Bentonville, Arkansas, at public auction, to the highest bidder, the date and hour of such sale to be fixed by said Commissioner. Upon such sale all rights, titles, interests, estates and equity or possibilities of dower, redemption, curtesy, homestead or appraisement of the Defendants and Separate Defendants in the Property and the Personalty, or any one claiming by, through or under them shall be foreclosed and forever barred.

    D.    The Commissioner will give notice of such sale once a week for at least four (4) consecutive weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Benton County, Arkansas, where the Property and the Personalty are situated.

    E.    The Property and the Personalty shall be sold on a credit of thirty (30) days; the purchaser will be required to execute a bond, with a commercial corporate surety, bearing interest from the date of sale until paid at the rate of ten percent (10%) per annum, the payment

of said purchase price to be secured by a lien upon the purchased property; provided, however, that if the Plaintiff becomes the purchaser at the sale for an amount not in excess of its judgment, interest and costs herein, in lieu of giving bond, it may credit the amount of its bid, less the cost of these proceedings, including the Commissioner's fee, on the judgment herein rendered at the time of confirmation of such sale, which credit shall be an extinguishment of its judgment with respect to the Property and the Personalty to the extent of such credit; and provided further that if its bid shall exceed the amount of the Judgment, interest and costs, it should be required to give bond only for the overplus. Any such overplus from the sale of the Property and the Personalty, over and above the Plaintiff's Judgment, interest, and costs shall be paid over to the registry of the court and anyone who claims an equitable or legal interest in and to all or a portion of the overplus shall petition the Court for a determination of each party's priority of interest and aliquot shares or proration, if any, thereunto said surplus. Should any successful bidder fail to perform under the instructions of the Commissioner at time of sale, then that bid shall be void and set aside. The Commissioner thereafter shall find that the Property and the Personalty be awarded to the next successive higher bidder, until performance is rendered.

    F.    Such sale of the Property and the Personalty shall constitute a permanent bar to and shall foreclose all rights of redemption, dower, curtesy, homestead and appraisement and all other right, title, claim and interest in the Property which Defendants, as well as their heirs, personal representatives, successors or assigns or anyone claiming by, through or under the foregoing, may claim with respect to the Property and the Personalty.

    G.    The Commissioner will report to the Court all actions taken hereunder.

    H.    In the event the Judgment herein awarded is not paid as directed and the Property and the Personalty are sold by the Commissioner at a foreclosure sale, then upon application to

the Clerk of this Court by the successful foreclosure sale purchaser, or the purchaser's attorney, showing that the possession of the purchased property has been withheld from such purchaser, the Clerk will issue and deliver forthwith to the Sheriff of Benton County, Arkansas, a Writ of Assistance to enforce delivery of possession of the purchased property to the purchaser.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

DATE: May 3, 2007

AGREED:

FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol, Suite 2000
Little Rock, AR 72201

By: _____
     Harry A. Light, #89222

*Attorneys for Regions Bank*

THE HENRY LAW FIRM
P. O. Box 1105
Fayetteville, Arkansas 72702

By: _____
     Adam Hopkins, #2006282

*Attorneys for Boua Vang Yang and Ying Vang*

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAY 0 3 2007

CHRIS R. JOHNSON, CLERK

BY _____
         DEPUTY CLERK